**James W. COLWELL et ux., Appellants,**

**v.**

**Nelda J. BLUME et vir, Appellees.**

**No. 14860.**

Court of Civil Appeals of Texas, San Antonio.

April 22, 1970.

Rehearing Denied May 20, 1970.

---

Morriss, Boatwright, Lewis & Davis, San Antonio, Arnold W. Franklin, Jourdanton, for appellant.

No attorney for appellees.

BARROW, Chief Justice.

This is an appeal by James W. Colwell and wife, Dora Celia Colwell, the paternal grandparents of two small children, from a judgment entered after a non-jury trial

granting the mother's bill of review and setting aside appellants' adoption of said children. The grandparents, hereinafter referred to as appellants, were granted custody and control of said children, subject to certain visitation rights by appellee mother, Nelda J. Blume, who was joined herein by her present husband, Raymond L. Blume.

Appellee and J. C. Colwell were married in 1959 and of this marriage two children were born. An older son, born of appellee and her first husband, was adopted by J. C. Colwell but is not involved herein. By the summer of 1965, this marriage was in serious trouble and on August 12, 1965, appellee filed suit for divorce. At this time she and J. C. were living in Pleasanton in a house owned by appellants, and the latter were obviously involved in the turmoil surrounding the breakup of the marriage and the subsequent divorce proceedings. On August 16, 1965, appellee signed and acknowledged a short instrument consenting to the adoption by appellant James W. Colwell of the two children born of this marriage. This was done in the presence of J. C. and James W. Colwell. Appellee testified that she understood this instrument granted appellants temporary custody of the children and that this was necessary in that she was broke and J. C. was unemployed. On October 26, 1965, appellee had her attorney write appellants a letter advising that she now desired custody of the children. She also filed an amended petition seeking custody of all three children, wherein reference was made to the "consent agreement" and her rescission of same. The divorce petition was heard on November 5, 1965, and after a full hearing the trial court approved an agreement by the parties as to child custody. Under this approved agreement, custody of the two younger children was granted their father, J. C. Colwell, provided, however, that he was required to keep them in the home of appellants unless prior approval was granted by the trial court to any change. Appellee was granted custody of the oldest boy and certain visitation rights with the younger children.

On November 22, 1967, appellants filed their petition to adopt said two younger children, supported by the above referred to consent which had been signed by appellee and a written consent signed by J. C. on November 12, 1967. Appellee was not given any notice of this adoption proceeding, although there is ample evidence that her California residence was known to appellants. On February 2, 1968, the uncontested petition for adoption was granted. Appellee first learned of this adoption when she came to Texas to visit the children in August, 1968. Upon being informed of the adoption and denied the right to even see the children she promptly filed this bill of review.

The trial court found that appellee had revoked the consent to adoption given appellant James W. Colwell on August 16, 1965, by her letter of October 26, 1965, and also by her amended petition filed on the same date in her suit for divorce. It further found that she had no notice of the adoption proceedings.

Appellants assert fourteen assignments of error. They first urge that the trial court erred in admitting a copy of the letter of October 26, 1965. Points 2–6 complain of the court's action in finding that appellee's consent to adoption was revoked. Under their Points 7–10 appellants urge that the minor children were necessary parties to this proceeding. The remaining four points complain of the visitation rights granted appellee. Appellee has not filed a reply brief.

■ It is now settled law in this State that unless a child-placing agency is involved consent to adoption of a child, where required, can be withdrawn at any time before the adoption decree is entered. Hendricks v. Curry, 401 S.W.2d 796 (Tex. Sup.1966); Catholic Charities, of Diocese of Galveston v. Harper, 161 Tex. 21, 337 S.W.2d 111 (1960); Wilde v. Buchanan,

157 Tex. 606, 305 S.W.2d 778 (1957); Boyed v. Wilson, 258 S.W.2d 223 (Tex. Civ.App.—Galveston 1953, writ ref'd).

■ The original of appellee's letter of October 26, 1965, was not produced. However, the secretary for appellee's attorney testified that she personally typed and mailed same to appellants at their correct Crystal City address. The letter was sent by certified mail with return receipt requested, and both the certificate and receipt therefor which was signed by appellant Mrs. Colwell were introduced into evidence. Mrs. Colwell testified that she had no recollection of the letter, but did not deny her signature on the receipt. A copy of the letter was sent to appellants' attorney and he did not deny receipt of same. Under these circumstances, the trial court did not err in admitting a copy of the letter of October 26, 1965.

This letter states in part: "This is to advise that we have this date filed an amended pleading requesting custody of the children now in your possession, notwithstanding the consent agreement which your daughter-in-law signed. Unless you are willing to amicably resolve this problem and return the children to their mother, then it will be necessary for Mrs. Colwell (appellee) to institute habeas corpus proceedings in the recovery of Jeffrey Carl Colwell and Angela Dawn Colwell." The amended petition states in part: "That the first two named children, Jeffrey Carl Colwell and Angela Dawn Colwell, currently reside with Defendant's father and mother, J. W. Colwell and Dora Colwell, in Crystal City, Texas, in accordance with a consent agreement agreed on between parties. * * * That Plaintiff has advised by registered mail J. W. Colwell and wife, Dora Colwell, that she rescinds her consent to their having custody of her children and requested that same be returned to her at her residence in Pleasanton, Texas."

■ It is true that appellee's letter of October 26, 1965, made no specific reference to the matter of adoption. However, when this letter is considered along with the chronological sequence of events, and particularly the fact that the divorce case was the only suit pending, such letter is sufficient to advise appellants that appellee revoked the consent previously signed. There is no contention that appellee ever granted any type of consent other than that in the instrument of August 16, 1965. The fact that she apparently did not understand the legal significance of such instrument does not take away the significance of the letter advising appellants that she revoked her "consent agreement." This was immediately corroborated by her amended petition wherein she specifically revoked such "consent agreement" and sought custody of the children. It is true that appellants were not parties to the divorce proceeding; however, the record demonstrates that they were active participants in same, in that although custody was granted the children's father, J. C. Colwell, such custody was restricted to appellants' home.

In Griggs v. Griggs, 374 S.W.2d 937 (Tex.Civ.App.—Beaumont 1964, writ ref'd n. r. e.), it was contended that the revocation of consent to adoption must be done by an instrument of the same dignity as the original consent, and such revocation must be brought to the attention of the trial court. This contention was rejected and it was held that a letter to the paternal grandparents, who were the prospective adopting parents, effectively took away the trial court's authority to grant the adoption based on the prior consent.

There is sufficient evidence to support the trial court's findings that the written consent of appellee was effectively revoked by her letter of October 26, 1965, and by her amended petition filed on the same date.

■ Appellants next assert that the two minor children were necessary parties to the bill of review and that the judgment is void because they were not joined therein. These two children were seven and

three years old, respectively, at the time of the adoption proceedings and therefore no consent was required of them. See Art. 46a, Sec. 6(b), Vernon's Ann.Civ.St. The statute did not require the children to be joined as parties to such adoption proceeding, and they were not joined. In this situation they were not necessary parties to the bill of review action.

Finally, appellants urge that the trial court abused its discretion in granting appellee the right to have the children visit with her for thirty days each summer and also in several aspects relating to such visit. The judgment granted the care, custody and control of these two children to appellants. It provided, however, that appellee should have the right to visit with said children at reasonable times and places, including one overnight visit each week by giving not less than two days notice to appellants. Furthermore, appellee was granted the right to have said children visit in her home for thirty consecutive days during the summer months provided that she paid the transportation expense to her home. Appellants were then required to pay the return transportation expense. The trial court expressly found that appellants, as well as appellee, were fit and proper persons to have the custody and control of said minor children, however, at the present time, the best interests of the children will be served by placing their custody and control with appellants subject to the above visitation rights of appellee.

■ It is fundamental that in determining the vexing question of custody of minor children, the trial judge is vested with a large measure of discretion in determining the controlling question of what is the best interest of said children, and his judgment thereon should be reversed only when it appears from the record as a whole that such discretion has been abused. Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup. 1966); Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963).

■ The record shows that although appellee mother had permitted the children to remain in the home of appellant grandparents off and on for nearly three years, she had retained her natural maternal interest in said children and their welfare. She kept in contact by letters and telephone calls. In fact she first learned of the adoption while on a visit from California to Texas to see the children. No complaint is made by appellants of the trial court's finding that appellee was a fit person. It is understandable why the court was anxious to preserve the mother-child relationship between appellee and her two small children. This was difficult in view of the fact that appellee's present husband is a career man in the Marine Corps and they presently reside in San Diego, California. While split custody is never desirable, we cannot say that the trial court abused its discretion in permitting appellee to have the children visit her for thirty days during the summer. Obviously, her opportunities to otherwise visit the children will be very limited because of the distance involved. Nor was it an abuse of discretion to divide the expense of such visits between the parties. It must be remembered that appellants' interest in this matter is as paternal grandparents and their son must share the responsibility for this entire unfortunate situation.

■ Appellants urge on this appeal that the trial court erred in not requiring a bond to be given by appellee securing the faithful return of the children from the summer visit. The record is silent as to whether such a request was made of the trial court. There is no requirement in the law for such a bond. This was one of the matters the court had to consider in determining the proper custody and visitation rights. We cannot say that any error is shown by the absence of such a provision in the judgment.

The judgment of the trial court is affirmed.