Oliver Douglas GREEN et ux.

v.

Daniel P. REMLING et al.

No. B-9577.

Supreme Court of Texas.

Nov. 19, 1980.

Caldwell & Hurst, Steve Underwood, Houston, for petitioners.

Denson & Swain, Howard J. Stern, Houston, for respondents.

SPEARS, Justice.

Petitioners here, Oliver and Rada Green, petitioned the district court for the adoption of their two nephews and niece, all minors whose parents died in a car accident. The trial court granted the adoption. Respondents, Daniel and Mary Remling, and Mary Lightfoot, the children's paternal grandparents and paternal aunt, appealed. The court of civil appeals reversed the judgment of the trial court and remanded the cause for a new trial. 601 S.W.2d 84. The court held that the trial judge committed reversible error by considering a social study report not in evidence because it deprived the appellants of their right of cross-examining the social study's author.

The question presented is whether the trial court's consideration of a written social study report not formally introduced in evidence is reversible error. The broader inquiry concerns the role of the social study in the trial court's determination of the best interests of the children in cases involving the parent-child relationship.

We hold that it is not error for the court to consider a social study prepared and filed in accordance with § 16.031 of the Texas Family Code.[1] We, therefore, reverse the judgment of the court of civil appeals and remand the cause to that court for further proceedings consistent with this opinion.

The Greens were the managing conservators of the children when they filed the petition for adoption on March 29, 1979. After one investigator was appointed but objected to by the Remlings and Mary Lightfoot, the trial court, on May 18, 1979, appointed the Brazoria County Protective Services, the local agency of the Texas State Department of Human Resources, to prepare a social study concerning the children and the suitability of the Greens' home. No objection was made to this appointment. The report was filed with the court on September 5, 1979, the day of the hearing on the adoption petition. It was signed by one of the social workers of the agency and by a supervisor of the agency. The parties knew about the appointment of the social worker, the preparation of the social study and the contents of the report before the hearing. The Remlings and

---

1. All references to statutes are to Vernon's Texas Family Code Annotated.

Mary Lightfoot made no objection to the contents of the report until after the hearing. The relevant portion of the social study states:

> They [the Greens] have adequate housing and appear to be financially and emotionally stable at this time. They were described by references as loving, protective parents for the Remling children. Allegations of medical neglect were invalidated. Photographs revealing bruises on Stacey's buttocks could not be validated as abuse, but possibly as a one time incident of over disciplining. The children want to be adopted by the Greens.
>
> \*　\*　\*　\*　\*　\*
>
> It is respectfully recommended that Mr. and Mrs. Oliver Green be given leave to adopt the minor children, Elizabeth, Stacey and Richard Remling and that henceforth the children be known as Elizabeth Remling Green, Stacey Remling Green and Richard Remling Green. Both Mrs. Mary Lightfoot and Mr. and Mrs. Daniel Remling, paternal grandparents, should be permitted reasonable visitation.

The trial court signed the decree of adoption on October 25, 1979. The decree discontinued the possessory conservatorship of the Remlings and Mary Lightfoot. The court made numerous findings of fact in support of its decree, none of which specifically referred to information contained in the social study. Two of the findings concern the social study. These findings were that a social study was made, filed, and considered by the court without objection.

In summary, the Greens' points of error here assert that the trial court's consideration of the social study report did not deprive the respondents of their right to cross–examine the author of the social study. Further, they contend, even if the court's consideration of the social study was error, it was harmless since the information contained in the report was cumulative of evidence adduced at trial.

■ Adoption proceedings are governed specifically by chapter 16 of the Family Code and the general provisions contained in chapter 11. The paramount considerations in adoption proceedings are the rights and welfare of the children involved and these statutes are to be liberally construed in favor of the minor to effectuate their beneficial purpose. *Davis v. Collins*, 147 Tex. 448, 216 S.W.2d 807, 811 (1949); *Smith v. Waller*, 422 S.W.2d 189, 191 (Tex.Civ. App.—Ft. Worth 1967, writ ref'd n.r.e.).

Recognizing the serious burden imposed upon the trial court and the need for an impartial source of information in suits involving the parent–child relationship, the legislature has provided for the compilation of an independent social study to aid the court in its determination. The relevant portions of section 11.12 provide:

> (a) In a suit affecting the parent–child relationship, the court may order the preparation of a social study into the circumstances and condition of the child and of the home of any person seeking managing conservatorship or possession of the child.
>
> \*　\*　\*　\*　\*　\*
>
> (c) The agency or person making the social study shall file its findings and conclusions with the court on a date set by the court. The report shall be made a part of the record of the suit; however, the disclosure of its contents to the jury is subject to the rules of evidence.

Section 16.031 provides:

> (a) In a suit affecting the parent–child relationship in which an adoption is sought, the court *shall* order the making of a social study as provided in Section 11.12 of this code and shall set a date for its filing. (emphasis added).

■ By providing the trial court with potentially valuable information compiled by an independent party, these statutes constitute legislative recognition of the suitability of modified proceedings in cases dealing with the parent–child relationship. But even with this modified procedure, in cases dealing with the parent–child relationship, the parties cannot be deprived of the usual attributes of a fair trial in open court. *See* Annot., 35 A.L.R.2d 629 (1954).

The legislature, however, has provided statutory safeguards to insure that the use of social studies by the court will meet procedural due process requirements. Section 11.14 provides in part:

(a) Except as otherwise provided in this subtitle, proceedings shall be as in civil cases generally.

\* \* \* \* \* \*

(c) The court may compel the attendance of witnesses necessary for the proper disposition of the petition, including a representative of the agency making the social study, who may be compelled to testify.

(d) A record shall be made as in civil cases generally unless waived by the parties with the consent of the court.

(e) The rules of evidence apply as in other civil cases.

(f) When information contained in a report, study, or examination is before the court, the person making the report, study, or examination is subject to both direct examination and cross-examination as in civil cases generally.

\* \* \* \* \* \*

▇ Under the statute, either party clearly has the right to examine the author of the social study. *Kates v. Smith,* 556 S.W.2d 630, 631 (Tex.Civ.App.—Texarkana 1977, no writ); *see* Annot., 59 A.L.R.3d 1337 (1974). Respondents Remling and Lightfoot contend that the failure of the author of the social study to testify at the hearing deprived them of their right to cross-examine her. Neither the Remlings nor Lightfoot, however, made any effort to call the social worker as a witness or subpoena her. We do not believe it was the intent of the legislature to require the court on its own to furnish the attendance of the author for cross-examination. Nor must the party receiving a favorable recommendation from the author of the social study provide for the author's attendance at the hearing. The investigator is an independent party appointed by the court, and the legislature has provided an adequate means in § 11.-14(c) and (f) by which either party may call the author of the social study and compel his or her attendance as a witness for either direct or cross-examination.

Respondents' reliance on *Kates v. Smith, supra,* is misplaced. The *Kates* case is distinguishable from this case. There, a supplemental report was ordered and considered by the trial court after the adoption hearing and without the parties' knowledge. Therefore, the parties could not call the report's author as a witness.

Having determined that the Remlings and Mary Lightfoot had an adequate opportunity to cross-examine the author of the social study, we turn to the manner and scope of the trial court's consideration of the social study.

▇ Section 16.08(a) of the Family Code indicates that the court may decree an adoption only when it is satisfied that adoption is in the best interests of the child. To effectuate this provision, the trial court in adoption cases is invested with broad discretionary power in determining the best interests of the children. *In the Interest of Herd,* 537 S.W.2d 950, 953 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Colwell v. Blume,* 456 S.W.2d 174, 178 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.); *Harris v. Tucker,* 245 S.W.2d 992, 994 (Tex.Civ. App.—Waco 1952, writ ref'd n.r.e.). The trial judge is better situated to weigh all of the surrounding circumstances and arrive at a judgment which in his discretion will best protect the best interests of the child. No right to a jury exists in an adoption hearing. § 11.13. The judgment of the trial court should not be disturbed unless it appears from the record as a whole that there was an abuse of discretion. *In the Interest of Herd, supra.*

Respondents rely on *D__ F__ v. State,* 525 S.W.2d 933 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) and *Magallon v. State,* 523 S.W.2d 477 (Tex.Civ. App.—Houston [1st Dist.] 1975, no writ), for their contention that the report is not evidence upon which the trial court's findings may be based since it was not properly admitted in evidence at the hearing. Both of these cases involve termination proceed-

ings and hold that unless the social study has been formally introduced and admitted into evidence it may not be considered by the trial court. This view has been approved by at least one writer. *See* Smith, *Title 2. Parent and Child,* 8 Tex.Tech.L.Rev. 19, 43 (1976).

The central question of whether a social study can be considered if it has not been formally admitted into evidence has not been previously addressed by this court. In contrast to the two termination cases cited by respondents, there are opinions by three other courts of civil appeals which hold that the trial judge must consider the social study in adoption cases even though it contains hearsay. *Hickman v. Smith,* 238 S.W.2d 838, 840 (Tex.Civ.App.—Austin 1956, writ ref'd) (social study was admitted in evidence); *In Re Jones,* 475 S.W.2d 817, 819 (Tex.Civ.App.—Eastland 1972, writ ref'd n.r.e.) (no indication whether social study was admitted in evidence); *Alexander v. Clower,* 486 S.W.2d 189, 191 (Tex.Civ. App.—Tyler 1972, no writ) (no indication).

Here, the trial court considered the filed social study even though it was not formally admitted into evidence as an exhibit. Except for the statement in the social study that the children wished to be adopted by the Greens, the statements in the social study were cumulative of the evidence adduced at the trial.

█ Although section 11.14 provides that in suits affecting the parent–child relationship the rules of evidence apply as in other civil cases, we are not persuaded that the legislature intended that the trial court could not consider the social study when it has been ordered and filed and is contained in the record. The Family Code clearly provides in § 11.12 for a social study when made, to be filed with the court and become a part of the record. The social study is mandatory in adoption cases under § 16.031. It would defeat the purpose of the statute to deprive the court of potentially valuable information submitted by an independent investigator by holding that the trial court may not consider the report until it is formally introduced in evidence by one of the parties. Suppose neither party chose to introduce the social study because it contained information unfavorable to each side. Would the court be deprived of the information? Additionally, adoption proceedings are often uncontested. Without the availability of a social study, which conceivably might be adverse to the party seeking to adopt, the trial court would lack reliable means of determining the best interests of the children. The party seeking adoption may choose not to provide the court with adverse information if consideration of the social study by the court depends upon its being introduced into evidence.

Another insight into legislative intent is provided by section 11.12(c) which requires the author of the social study to file its "findings and conclusions." If the legislature had intended that consideration of the social study by the trial judge would be governed by the rules of evidence, these conclusory "findings and conclusions" could not be considered by the trial court. They would have to be excluded when the study was offered in evidence, and requiring them to be filed would have been a useless requirement. Thus, we conclude that the legislature intended for the trial judge to have full access to the contents of the social study. The trial judge may consider the "findings and conclusions" of the social study and may further use his discretion in determining the weight to be given to it. Depriving the court of such a valuable tool could be inimical to a determination of the best interests of the child.

█ Consideration of the contents of the report by the jury on the other hand is a different matter. Section 11.12(c) provides: "The report shall be made a part of the record; however, the disclosure of its contents to the jury is subject to the rules of evidence." This provision clearly indicates that a different rule applies to the consideration of the report when the hearing is before the judge and when it is before the jury. We note that the statute uses the term "disclosure" rather than admissibility. The inclusion of the social study in the "record" makes it unnecessary

to formally introduce it in evidence. It is before the court for all purposes, but only those portions of the study which are admissible under the rules of evidence may be disclosed to the jury.

The Remlings and Mary Lightfoot asserted several points of error in the court of civil appeals which were not ruled on by that court. We remand the cause to the court of civil appeals for a determination of insufficiency of the evidence points and also the other remand points raised by the Remlings and Mary Lightfoot. *Custom Leasing, Inc. v. Texas Bank and Trust Co. of Dallas*, 491 S.W.2d 869, 872 (Tex.1973).

The judgment of the court of civil appeals is reversed and the cause is remanded to the court of civil appeals.