William GLUD, Appellant,

v.

Linda D. GLUD, Appellee.

No. 10–82–031–CV.

Court of Appeals of Texas, Waco.

Oct. 14, 1982.

John L. Oxley, Madisonville, for appellant.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, for appellee.

HALL, Justice.

Appellee Linda D. Glud initiated this suit against appellant William Glud for divorce, for division of the parties' properties, and for custody of their two children. Appellant counterclaimed seeking the same reliefs pleaded for by appellee. The case was tried to the court without a jury. Judgment was rendered divorcing the parties, dividing their properties, awarding custody of the children to appellee, requiring child support by appellant and granting him substantial rights of visitation, and awarding appellee attorney's fees. This appeal resulted. We reverse the child custody order.

The parties were married in December, 1968. At the time of trial in December, 1981, appellant was 38 years of age and appellee was 33. They have two children born of this marriage, both boys: William, born September 12, 1969, and Marty, born March 25, 1971.

V.T.C.A., Family Code § 14.07(c) provides as follows:

"(c) In a nonjury trial the court may interview the child in chambers to ascertain the child's wishes as to his conservator. Upon the application of any party and when the issue of managing conservatorship is contested, the court shall confer with a child 12 years of age or older and may confer with a child under 12 years of age, but in either event the results of such interview shall not alter or diminish the discretionary power of the court. The court may permit counsel to be present at the interview. On the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older, which record of the interview shall be made part of the record in the case."

Appellant filed a motion under this statute to have the court interview the children. This was done. Upon the agreement of the parties and their attorneys, none of them were present at the interview. The trial court caused a record of the interview to be made, but it ordered that this record should be sealed by the court reporter, that it should not be made available to the parties, and that in the event of an appeal the record of the interview should be sent to the appellate court in this sealed state. Appellant objected to this procedure. He called the court's attention to the provision in Family Code § 14.07(c) that the record of the interview shall be made part of the record in the case; and he asserted to the court that the procedure adopted would prejudicially affect his rights on appeal, if an appeal was taken, by denying him the interview as a part of the appellate record.

The transcription of the interview in its sealed condition was sent to us on this appeal as a part of the appellate record. Appellant assigned error to the trial court's sealing of this transcription and refusing him access to it, and he argued in his brief that this procedure effectively denied him a complete statement of facts on appeal and

thus brought this case within the familiar rule that if through no fault of his own an appellant is unable to procure a complete statement of facts, his right to have the case reviewed on appeal can be preserved to him in no other way than a reversal and retrial of the case. See *Goodin v. Geller,* 521 S.W.2d 158, 159–160 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.). We agree with appellant that the trial court abused its discretion when it sealed the record of the interview with the children and refused to make this record a part of the record in the case. There is no authority for this procedure. To the contrary Family Code § 11.14(a) provides: "Except as otherwise provided in this Subtitle [Subtitle A of Title 2] proceedings shall be as in civil cases generally"; and § 11.14(d) provides "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court." As shown above, § 14.07(c), which is a part of Subtitle A of Title 2 of the Family Code, provides that the record of the interview with the children shall be made a part of the record in the case. Cf. *Bennett v. Northcutt,* 544 S.W.2d 703, 705 (Tex.Civ.App.—Dallas 1976, no writ). However, upon the following facts we hold appellant was not denied a complete statement of facts on appeal: On oral submission of this case, before the arguments began, we gave appellant's attorney the record of the six-page interview, granted him time to review it and make a copy, and gave him an additional ten days to file a supplemental brief on the basis of the interview, if he desired. The supplemental brief was never filed, and we do not believe that appellant is now contending that he was denied a complete statement of facts on appeal. In any event, the contention is overruled.

Family Code § 14.01(b) provides in part as follows: "In determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent." The purpose and effect of this statute was the elimination of the prior existing rule of preference for the mother on the issue of child custody and the placing of both parents on an equal plane on this issue insofar as their sex is concerned. *Fettig v. Fettig,* 619 S.W.2d 262, 265 (Tex.Civ.App.—Tyler 1981, no writ); *Adams v. Adams,* 519 S.W.2d 502, 503 (Tex. Civ.App.—El Paso 1975, no writ).

■ In our case, in announcing the decision to award custody of the children to the mother, the trial court stated to the parties: "In my opinion I think it would be detrimental looking at it from a man's standpoint, and I'm a man and father, Mr. Glud, I think it would be very difficult for a man to raise two boys like a woman can. Therefore, I'm going to name her as managing conservator of the children." Appellant asserts that under the facts of our case this comment by the trial judge affirmatively shows that the judge's award of custody of the children to appellee was based upon his personal bias in favor of the mother on the child custody issue in violation of the provisions of § 14.01(b). We sustain this contention. Our record shows a close and loving relationship by both parents for their children and by both children for their parents. It shows that both parents are equally capable of caring for the children and providing for their moral, physical and educational needs and well-being. Appellee conceded in her testimony that appellant was capable of caring for the children. Family Code § 14.07(a) provides that the best interest of the child shall always be the primary consideration of the court in determining the question of custody, and that in determining the best interest of the child the court shall consider the circumstances of the parents. Nevertheless, this decision of custody must not be based upon the sex of the parents. § 14.01(b). In our case, after expressing his opinion that "it would be very difficult for a man to raise two boys like a woman can," the trial court ruled that "*therefore,* I'm going to name her as managing conservator of the children." This comment affirmatively shows that the trial court's determination of custody was based upon the consideration of the sex of the parents, and thus deprived appellant of his right to have his qualifications as custodian

of the children considered without regard to his sex, all in violation of Family Code § 14.01(b). Under the record, we cannot say that this error was harmless to appellant. Therefore, we must reverse the child custody order.

Family Code § 3.63 provides that in a decree of divorce the court shall make a "just and right" division of the parties' properties. In our case, appellant asserts that the court's property division violated this statutory provision in favor of appellee. We overrule this contention. The parties live in the City of Centerville, Texas. All property owned by them was community property. Appellant has been a Civil Service employee with the Federal Aviation Administration since April, 1971. Appellee is employed by the local Western Auto Store. The major properties of the parties were their home in Centerville, and their contributions to appellant's pension fund. The home has a value of $30,000.00, but it is encumbered with a mortgage in the amount of $12,700.00. The parties have contributed $14,000.00 to the pension fund. Appellee was awarded the home in fee simple, but she was required to assume payment of the mortgage. Appellant was awarded the pension fund. The remaining properties, all of much lesser values, including four automobiles, were divided fairly equally between the parties. Additionally, appellant's gross annual salary is $28,486.00. His take-home pay is $765.00 every two weeks. Appellee's gross annual salary is $7,800.00. Her take-home pay is $124.65 per week. The trial court was entitled to consider these relative earning capacities in making his property division. *Zamora v. Zamora*, 611 S.W.2d 660, 662 (Tex.Civ.App.—Corpus Christi 1980, no writ). The record does not conclusively establish that the court's award of the parties' house to appellee was based upon the award of custody of the children to her, and appellant has not asserted that it does. To the contrary, there is ample evidence to support the conclusion that the court would have awarded the house to appellee regardless of its determination on the custody issue. We have already noticed appellant's grossly superior earning capacity. Additionally, appellant's parents live in the City of Centerville, and he presently resides with them. He testified that he has plans to build another house. On the other hand, appellee's nearest relatives, her parents, live in the State of Oregon.

The trial court has wide discretion in dividing the property of the spouses upon divorce. *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975). We hold there was no abuse of discretion here.

In the light of the entire record none of appellant's remaining points and contentions reflect reversible error, and they are overruled.

The judgment awarding custody of the children to appellee, and the concomitant orders on child support and visitation, are reversed; and the issue of child custody is remanded for another trial. The remainder of the judgment, including the assessment of costs in the trial court to the time of the judgment in question against appellant and the award of attorney's fees to appellee, is affirmed. The costs of this appeal are assessed two thirds to appellant and one third to appellee.