Thermon Jake **SHARP**, Jr., Appellant,

v.

Susan Elaine **SHARP**, Appellee.

No. 05–85–00558–CV.

Court of Appeals of Texas, Dallas.

April 18, 1986.

Elizabeth A. Smith, Dallas, for appellant.

R. Stephen McCoy, Dallas, for appellee.

STEPHENS, Justice.

This is an appeal from a portion of a divorce decree appointing appellee managing conservator of the parties' minor child. Trial was to the court without a jury. Appellant contends the trial court erred (1) in finding that appellee is a fit and proper person to be appointed managing conservator, (2) in concluding that the appointment of appellee as managing conservator is in the best interest of the child, (3) in failing to consider qualifications of the respective parents without regard to the sex of the parent, (4) in finding that appellant kept pornographic materials in the child's presence, and (5) in finding that the allegations of sexual abuse of the child made by the appellant were not substantiated by the evidence. We affirm.

Appellant's first, fourth, and fifth points of error attack various findings of fact entered by the trial court. When addressing insufficient evidence points of error, we consider and weigh all the evidence in the case and set aside the finding only if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 664, 244 S.W.2d 660, 661 (Tex.1951); *Fortner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 687 S.W.2d 8, 12 (Tex.App.— Dallas 1984, writ ref'd n.r.e.).

The record in this case indicates that appellee presented the testimony of several witnesses who testified as to appellee's care of the parties' child, as to the affection between the child and appellee, and to appellee's fitness and qualities as a mother. A clinical psychologist's report stated that appellee had good parenting skills. While there was testimony that appellee was living with a married man, this fact alone does not disqualify appellee as managing conservator. *See Tapal v. Tapal,* 448 S.W.2d 560, 563 (Tex.Civ.App.— Houston [14th Dist.] 1969, writ dism'd). There was also testimony from several witnesses that appellant kept hard-core pornographic materials out in open display in the parties' front room and where the child could see them. We hold that there is sufficient evidence to support the trial court's findings that appellee was a fit and proper person and that appellant kept pornographic materials in the child's presence and these findings are not against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellant presented the testimony of a family therapist concerning the possibility that appellee's live-in male companion had sexually abused the child. The therapist testified that she reported the matter to the Child Welfare Department and wrote a letter to the Family Court Services. A counselor from the Family Court Services

conducted several interviews with appellant, appellee, the parties' child, and appellee's male companion. The counselor stated that the relationship between the child and appellee's companion was positive and that the child "seemed very relaxed with him." The counselor also testified that she spoke with the Child Welfare Department about the allegations of sexual abuse. The Child Welfare Department felt the questions asked the child by family therapist · were extremely leading and that there was nothing to the allegations. At the close of evidence, the trial court, on its own motion, ordered a psychological evaluation of the child to evaluate the abuse charges. The psychologist wrote two reports to the court. The first report stated, in pertinent part, that the child:

appears to be well adjusted and a happy child. She does not evidence a post-traumatic syndrome. I am therefore unable to state in reasonable psychological probability that she has been mistreated or abused. However, [appellee] and her boyfriend have not made an appointment to see me and for this reason and [sic] definitive opinion on the subject of abuse is impossible.

After interviewing appellee, the psychologist wrote a second report which stated in pertinent part:

Based on my examination, I have confirmed my previously stated opinion that [the child] is well-adjusted and a happy child. She does not evidence post-traumatic syndrome as has been suggested. I have found [appellees] parenting skills to be of good quality and I do not believe that she is capable of abusing her daughter.

As the Court is aware, [appellant] has maintained from the outset that any abuse that may have occurred to [the child] is the result of mistreatment by [appellee's male companion]. Unfortunately, [appellee] has declined to invite [male companion] to participate in our study.

Appellant moved that appellee be compelled to produce her companion for an interview with the psychologist, but the record contains no formal disposition of this motion. We hold there is sufficient evidence to support the trial court's finding that the allegation of abuse of the child was not substantiated by the evidence and this finding is not against the great weight and preponderance of the evidence as to be manifestly unjust. The trial court had the opportunity to observe the personalities and demeanor of the witnesses and to assess the validity of the allegation. Accordingly, appellant's first, fourth, and fifth points of error are overruled.

In his second point of error, appellant contends the trial court erred in concluding that the appointment of appellee as managing conservator is in the best interest of the child. The paramount consideration in the determination of managing conservatorship is the best interest of the child. *Green v. Remling*, 608 S.W.2d 905, 907 (Tex.1980); TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1975). It is well settled that a trial court is given wide latitude in determining the best interests of the child and its judgment will be reversed only when it appears from the record as a whole that the court has abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). This rule is "based on the fact that the trial court is in the best situation to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record.'" *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex.Civ.App.—Dallas 1981, no writ) (citation omitted). *See Dunker v. Dunker*, 659 S.W.2d 106, 109 (Tex.App.—Houston [14th Dist.] 1983, no writ). After reviewing the entire record, we conclude the trial court did not abuse its discretion in appointing appellee managing conservator. The point of error is overruled.

In his third point of error, appellant contends the trial court failed to consider the qualifications of the respective parents without regard to the sex of the parent. Appellant argues that the trial court's letter to counsel announcing the judgment of

the court shows sexual bias in favor of appellee. The letter states in pertinent part:

The Court will grant the divorce to [appellee] and the Court chooses to grant the divorce on the no fault grounds of insupportability. After reviewing all the testimony, the social study, and reports of [the psychologist], I am convinced that the child is not exhibiting any symptoms nor is there any evidence which would suggest the child has, in fact, been abused. Therefore, wife is appointed the managing conservator; husband is appointed possessory conservator with standard Dallas County visitation.

Appellant relies on *Glud v. Glud,* 641 S.W.2d 688, 690 (Tex.App.—Waco 1982, no writ) to support his contention. *Glud,* however, is distinguishable from the case at bar. In *Glud,* the trial court, in announcing the decision to award custody of the children to the mother, stated to the parties, "In my opinion I think it would be detrimental looking at it from a man's standpoint, and I'm a man and father, Mr. Glud, I think it would be very difficult for a man to raise two boys like a woman can. Therefore, I'm going to name her as managing conservator of the children." The Waco court of appeals reversed that part of the judgment naming the mother managing conservator. The court, after finding that record showed a close and loving relationship by both parents for their children and that both parents were equally capable of caring for the children and providing for their moral, physical and educational needs and well-being, concluded that the trial court's comment affirmatively showed that the trial court's determination of custody was based on the sex of the parents. *Glud,* 641 S.W.2d at 690.

In the case at bar, the trial court's letter does not affirmatively show that the determination of custody was based on the sex of the parents. Appellant was not deprived of his right to have his qualifications as custodian of the child considered without regard to his sex. Accordingly, the point of error is overruled.

We conclude that the trial court did not abuse its discretion in determining the best interest of the child and in appointing appellee managing conservator. Accordingly, the judgment is affirmed.

HOWELL, J., dissenting.

HOWELL, Justice, dissenting.

I respectfully dissent. While I recognize the well-established principle that the trial court is accorded wide latitude in custody matters, the authorities cited by the majority are primarily oriented to instances where the appellant urges that a different custody order should have been entered. My objection is not that the trial court's *decision* on custody constituted an abuse of discretion, but that the procedures employed by the trial court were flawed.

The testimony of the family therapist raised the possibility that the child had been sexually abused. The psychologist appointed by the court to evaluate the charges was unable to state an opinion in reasonable psychological probability because of his inability to interview appellee's live-in companion. Rather than employing the power to obtain the necessary information, the trial court rendered the custody order on the basis of incomplete evidence.

In the determination of managing conservatorship, the best interest of the child is the paramount consideration. TEX.FAM. CODE § 14.07(a) (Vernon 1975); *Green v. Remling,* 608 S.W.2d 905 (Tex.1980); *Hamann v. Morentin,* 660 S.W.2d 645, 646 (Tex. App.—Fort Worth 1983, no writ). In determining the best interest of the child, the trial court has the right and duty to make a diligent inquiry into all the circumstances relevant to the disposition of the child. *Conley v. St. Jacques,* 110 S.W.2d 1238, 1242 (Tex.Civ.App.—Amarillo 1937, writ dism'd).

In *C ___ v. C ___,* 534 S.W.2d 359 (Tex.Civ.App.—Dallas 1976, no writ), the trial court overruled a motion for new trial, despite affidavits alleging that the managing conservator had abused the children. This court held that the trial court had

abused its discretion in failing to grant a new trial notwithstanding a lack of diligence on the part of the movant's trial attorney. The court stated:

Pertinent facts which may directly affect the interests of the children should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of information to the court.

*C ___ v. C ___,* 534 S.W.2d at 361. To render a decision based on incomplete evidence impairs the court's ability to protect the child's best interest. *Id.* at 362.

While we agree that the trial court could not directly compel the companion's presence at an interview, other channels were available. The trial court could order that the friend appear for an evaluation and could take adverse inferences from a demonstration of unwillingness or inability to comply with the order. The trial court could take any temporary orders necessary to protect the safety and welfare of the child, including the appointment of a temporary conservator. TEX.FAM.CODE § 11.11 (Vernon Supp.1986). In addition, the friend could be summoned as a witness, either in deposition or before the court if he refused to participate in the less formal evaluation procedures suggested. In closely contested custody cases, the appointment of a guardian ad litem helps insure that the best interest of the child is advanced. *Turner v. Lutz,* 654 S.W.2d 57 (Tex.App.—Austin 1983, no writ); *Sisk v. Duck,* 593 S.W.2d 416 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

The majority refers to evidence tending to refute the sexual abuse allegations and concludes that the trial court could have properly concluded that the charges were insubstantial. It is not my contention, however, that the trial court made an incorrect decision *based on the evidence before it at the time.* Rather the trial court's error consisted in making his decision without attempting to obtain evidence that might have resolved the matter with greater certainty—the certainty we should insist upon in determining the disposition of a child.

True, custody issues are rarely free from doubt and the most rigorous procedures will often fail to resolve doubt. We should hold, however, that when a serious issue affecting a child's welfare arises in a suit affecting the parent-child relationship, and when it appears that further evidence may resolve that issue, and when the trial court has the means to obtain the evidence, the trial court abuses its discretion in determining custody without obtaining and considering that evidence.

The cause should be remanded to the trial court for further proceedings.

GUILLOT, J., joins in the dissent.