Opinion filed March 1, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 1, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00300-CV 

                                                    __________

 

                              IN THE INTEREST OF R.A.H., A CHILD

                                                              



 

                                         On
Appeal from the 326th District Court

                                                          Taylor County,
Texas

                                                 Trial
Court Cause No. 28,889-C

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

Robert Avila appeals from the trial court=s denying his request to continue
court-ordered visitation with the child, R.A.H. 
We affirm.

R.A.H. was born on April 18, 1995.  On September 26, 1997, the trial court
entered a decree of paternity establishing Avila as the father of R.A.H.  Avila
paid child support and had visitation rights with R.A.H.  On September 26, 2001, Christopher R. Jojola
filed a petition to contest acknowledgment of paternity and a petition to
establish his paternity of R.A.H.  After
a hearing on April 4, 2005, the trial court found that genetic testing excluded
Avila as the
father of R.A.H. and proved Jojola to be the biological father of R.A.H.  The trial court adjudicated Jojola as the
father of R.A.H. and named him possessory conservator of the child.  The trial court found that it would not be in
the best interest of R.A.H. to continue court-ordered visitation with Avila.








In his first and second issues on appeal, Avila argues that the
trial court erred in not naming him as a possessory conservator of R.A.H. and
in not awarding him court-ordered visitation with the child.  We give wide latitude to a trial court=s decision on custody, control,
possession, and visitation matters.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex.
1982); Turner v. Turner, 47 S.W.3d 761, 763 (Tex. App.CHouston
[1st Dist.] 2001, no pet.).  The trial
court=s
judgment regarding what serves the best interest of the child with regard to
visitation is a discretionary function and will only be reversed upon an abuse
of discretion.  In re N.A.S., 100
S.W.3d 670, 673 (Tex.
App.CDallas
2003, no pet.).  A trial court abuses its
discretion when it acts arbitrarily or unreasonably, without reference to any
guiding rules or principles.  Turner,
47 S.W.3d at 763.

Cynthia Young, a psychotherapist who had counseled
R.A.H., testified at trial.  Young stated
that the custody battle over R.A.H. had had a negative effect on the
child.  Young testified that R.A.H. did
not want to have visitation with Avila
and that the forced visitation caused R.A.H. Afear
and anxiety.@  Young further testified that there was no
evidence that R.A.H. had any bonding or attachment with Avila. 
Young said there was no emotional relationship between R.A.H. and Avila. Young stated that
it was not in the best interest of R.A.H. to have forced visitation with Avila.        Jojola testified that the forced
visitation between R.A.H. and Avila
was affecting Jojola=s
relationship with R.A.H.  Jojola asked
the trial court to stop the visitation so that R.A.H. could Acontinue with his new life.@ 
Jojola stated that it was in the best interest of R.A.H. to end the
visitation with Avila.

Avila
testified at trial that R.A.H. expresses love for him when they are alone.  Avila=s father testified that Avila and R.A.H. have a
close relationship and that it would not be in the best interest of R.A.H. to
end visitation.  After reviewing the
evidence, we do not find that the trial court erred in naming Jojola as the
possessory conservator and in ending court-ordered visitation between Avila and R.A.H.  Avila=s first and second issues on appeal are
overruled.

In his third issue on appeal, Avila
argues that the trial court=s
letter intended for Avila to have access to
R.A.H. and that the court order should have specifically provided the terms of Avila=s access to the child.  On April 6, 2005, the trial court sent a
letter to the attorneys involved in the case that stated:

Based on all of the evidence, it is not in [R.A.H.=s] best interest to have a
court-ordered relationship with [Avila].  However, if [R.A.H.] wants, he is certainly
free to have contact with [Avila]
by telephone or in person whenever he chooses. 

 








The trial court=s
order on June 6, 2005, specifically denies Avila=s
request for court-ordered visitation, and that order is controlling.  See Kates v. Smith, 556 S.W.2d
630, 632 (Tex. Civ. App.C  Texarkana 1977, no writ).  Moreover, we do not find that the trial court=s letter intended to provide Avila with a right of
access to R.A.H.  Avila=s
third issue on appeal is overruled.

In his fourth issue on appeal, Avila contends that the trial court applied
the incorrect standard of proof in denying his visitation with R.A.H.  Avila
argues that the trial court should have used the standard of Aclear and convincing evidence@ required by Tex. Fam. Code Ann. '
161.001 (Vernon Supp. 2006) for termination of parental rights.  Avila=s parental rights were not terminated
under Section 161.001; rather, the trial court found that Avila was not the father of R.A.H.  The trial court did not apply the wrong
standard of proof in denying Avila
visitation with R.A.H.  Avila=s
fourth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 1, 2007

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.