Willie Joe **WATTS**

v.

Annette Ross **WATTS.**

No. 18077.

Court of Civil Appeals of Texas, Fort Worth.

Nov. 2, 1978.

William W. McNeal, Luling, for appellant.

Miller, Miller & Robinson and W. T. Miller, Gonzales, for appellee.

## OPINION

HUGHES, Justice.

This is an appeal from a judgment dismissing a petition seeking modification of an order determining the managing conservatorship of a child and appointment as managing conservator. The suit was brought by the child's paternal grandfather more than one year after the entry of a divorce decree in which the child's mother was appointed managing conservator. The mother filed a motion to dismiss on the grounds that the grandfather was not a party to the original action and that he had no interest in the child which authorized him to bring his petition for modification. The trial court rendered judgment dismissing the grandfather's petition for modification unless he filed an amended petition to be appointed managing conservator which satisfied the requirements of the Texas Family Code Ann. The grandfather refused to amend and has appealed.

We reverse and remand for a trial on the merits.

The record before us consists only of the transcript containing the pleadings filed below. There is no statement of facts, and the grandfather's statement in his brief that no evidence was offered by either party at the hearing on the motion to dismiss is unchallenged.

The grandfather by his petition filed in cause number 14,556 on July 14, 1977 in the 22nd Judicial District Court of Caldwell County, Texas, sought modification of an order appointing a managing conservator rendered in the same numbered cause on February 28, 1975, and prayed that he be appointed managing conservator. The divorce decree named the mother, who is the appellee herein, as managing conservator, and the father, who is appellant's son, as possessory conservator. The petition alleged that the whereabouts of the child's father is now unknown. It further alleged that since the entry of the order, more than one year before, "the circumstances of the child have so materially and substantially changed that retention of . . . the present managing conservator, would be injurious to the welfare of the child" and that the appointment of the grandfather "would be a positive improvement for, and in the best interest of" the child.

In our discussion of the points in this appeal, all section citations will be to the Texas Family Code Ann.

The points presented raise two questions: First, does a grandparent have the type of interest in a grandchild that permits him to seek to replace the child's parent as a managing conservator? Second, if he does have such an interest, under what section of the Family Code should he seek relief?

■ Grandfather contends, in his first point of error, that his "Petition to Modify" should not have been dismissed because he has an interest in the child which gives him standing to seek modification. A suit for appointment of a managing conservator is defined in § 11.05 as a suit affecting the parent-child relationship. Under § 11.03 these suits may be brought by anyone with an interest in the child including the child, an agency of the state or a political subdivision or any authorized agency. The statute does not define a person with an interest in the child. We hold that grandparents have the type of interest in their grandchildren which gives them standing to seek modification of conservatorship through their appointment as managing conservators.

■ By his second and third points of error grandfather contends his petition should have been sustained and he be allowed to assert his cause of action. Further, it was error to dismiss without hearing evidence because of the court's continuing jurisdiction of legal matters concerning his granddaughter. We agree. In order to understand our rulings on these points, a general discussion of the applicable principles and sections of the Family Code is necessary.

Subtitle A deals with The Parent-Child Relationship and Suits Affecting the Parent-Child Relationship. The latter is defined in § 11.01(5) as a "suit brought under this subtitle in which the appoint-

ment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought." The emphasis in these suits is no longer on the cause of action but rather on the remedy which will best serve the child's interests.

█ Regardless of the various types of suits that could arise under this subtitle, the basic issue remains the best interest of the child. To further this end, the Code in § 11.05 adopted the concept of continuing jurisdiction. Simply stated, once a court has acquired jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters affecting the parent-child relationship unless the suit is transferred. This is to insure the court has as much information as possible including the history of past litigation involving the child.

To insure uniformity and to reemphasize that the focal point of all Subtitle A suits is the child and his welfare, § 11.08 requires all petitions in proceedings brought under this subtitle to contain the same basic information.

Suits for conservatorship, possession and support of children are governed by Chapter 14. The best interest of the child is required by § 14.07 to be the court's main consideration. Because conditions affecting the child's best interests can change, the legislature provided a method in § 14.08 whereby decrees under Chapter 14 can also be changed or modified. Complementing this modification procedure is the request for further action authorized by § 11.07(b). It includes all other types of follow-up procedures under Subtitle A. Proceedings under either section are begun in the court of continuing jurisdiction.

The trial court's judgment of dismissal stated that because grandfather was not a party to nor affected by the divorce decree, which named the mother as the child's managing conservator, he could not move to modify it. The court relied on § 14.08(a) which states that "A court order or the portion of a decree that provides for . .

the appointment of a conservator . . . may be modified *only* by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship. Any *party* affected by the order or the portion of the decree to be modified may file the motion." (Emphasis added.)

█ The judgment further provided that grandfather could avoid dismissal of his suit if he would file an amended petition to be appointed managing conservator which satisfied the requirements of the Family Code. Mother argues in her brief that all grandfather had to do to avoid dismissal was replead under § 11.08. Her argument misses the point. All petitions brought under Subtitle A must include the information required by § 11.08. An examination of grandfather's petition shows it did contain all of the necessary elements except his age and an express reference to the statutory grounds for the request. While it does not specifically name the section, it makes the necessary allegations for seeking a change of conservatorship under § 14.08(c)(1). The mother filed no exception to this formal defect in pleading and therefor has waived her right to rely on it to support the judgment.

█ Since the court decided grandfather lacked standing to file a motion to modify under § 14.08(a), grandfather would have to use a petition for further remedy under § 11.07(b). We do not agree that under these facts grandfather must file a petition for further remedy. However, even if we did, his petition would have to contain the same things under § 11.08. Under either section he must file in the court of continuing jurisdiction under the same docket number. His burden of proof would be the same. He must prove a change of circumstances of the child or parent so material and substantial that continued retention of the present managing conservator would be injurious to the welfare of the child and that appointment of the new managing conservator would be a positive improvement for the child. *O. v. P.,* 560 S.W.2d 122 (Tex.Civ.App.—Fort Worth 1977, no writ); § 14.08(c)(1).

■ In this case the effect of proceeding under either section would be a modification of the prior order. However, a reading of the relevant statutes show the legislature clearly intended to set motions to modify apart from requests for further action. The wording of both sections is very clear. In providing for requests for further action, § 11.07(b) plainly excepts motions to modify from its terms. It is equally clear in § 14.08(a) that an order of conservatorship can be modified "only by the filing of a motion" in the court of continuing jurisdiction.

Public policy demands a high degree of stability in child custody arrangements. The legislature responded to this need by enacting § 14.08(c)(1) which specifically sets forth the legal standards which must be met by a party seeking to change custody. This policy is the reason a person seeking to modify a decree appointing a conservator cannot file a request for further action. Therefore, we hold that the legislature has provided that a motion to modify under § 14.08 is the exclusive method for seeking change in conservators.

■ The next question which arises is whether grandfather is a person who can move to modify an order appointing a managing conservator under § 14.08(a). The relevant portion reads "Any party affected by the order or the portion of the decree to be modified may file the motion." It is of course clear any person mentioned in the previous decree in the context of conservatorship is a "party affected." Other sections of the code indicate a liberal attitude toward granting access to the courts to any person with an interest in the child. (§ 11.03.) Under § 14.01 any suitable, competent adult may be appointed managing conservator. The legislature clearly felt grandparents were persons with an interest in the child because it specifically allowed them to be given reasonable access rights to their grandchildren under § 14.03(d). They have been considered by courts to be suitable, competent adults and have been appointed managing conservators. *Bush v. Cooley,* 561 S.W.2d 606 (Tex.Civ.App.—Waco 1978, writ dism'd w. o. j.).

The legislative intent shown throughout Title 2, Parent and Child, of the Family Code was to afford broad protection to minor children in the courts. To do so it provided a broad category of those who could bring a suit for appointment as a managing conservator and an equally broad category of individuals who were qualified to serve as managing conservators. To limit the individuals who can bring a motion to modify an order appointing a conservator to parties to the original decree would defeat the legislative intent. Such a restrictive interpretation would mean here the only person who could attempt to change the appointment of the mother as conservator would be the father, whose whereabouts are unknown. Regardless of the child's needs, the situation would have to deteriorate to the point that there would be grounds for an involuntary termination of parental rights before any other parties could act. The best interest of the child is paramount, therefore rules of pleading and practice need not be strictly followed in cases affecting the parent-child relationship. *Brown v. Brown,* 521 S.W.2d 730 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

As the legislature provided only one method for seeking a change in a decree appointing a managing conservator and because grandfather has sufficient interest in his grandchild, we hold he is a "party affected" by the order sought to be modified and may file a motion to do so under § 14.08(a). To hold otherwise would be to elevate form over function.

Mother argues that because grandfather has filed a new suit, this appeal should be dismissed and not be remanded for reinstatement and trial. We have no record of the contents of the petition in that suit and reject her contention. It appears the correct procedure upon remand would either be a consolidation of the second action with the remanded case or such other action as would afford proper trial.

Judgment of dismissal is reversed and the cause is remanded to be reinstated for a trial on the merits.