**In the Interest of Joe Raymond VASQUEZ, Jr.**

**Flora Linda Vasquez DUEHRING, Appellant,**

v.

**Joe Raymond VASQUEZ, Sr., Appellee.**

**No. 13–83–367–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 23, 1984.

Rex Easley, Victoria, for appellant.

Tali Villafranca, Woody, Gumm, Hoffman, Heintz & Villafranca, Victoria, for appellee.

Before KENNEDY, BISSETT and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from an order of the trial court which modified a final divorce decree. Appellant, in her sole point of error, complains that the trial court erred in modifying a divorce decree, since no pleadings were filed requesting such relief and where there was no finding that the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree. We sustain appellant's sole point of error and reverse the judgment of the trial court.

On March 9, 1981, the appellant, Flora Linda Vasquez Duehring, was divorced from Joe Raymond Vasquez, Sr. They had one child, Joe Raymond Vasquez, Jr. The divorce decree named appellant as managing conservator of the child and appellee as possessory conservator. In addition, appellee was ordered to pay child support in the amount ordered by the court.

On March 8, 1983, appellee filed a motion for contempt, alleging that he was being denied access and possession of the child as per the divorce decree. The motion for contempt was docketed under trial court number 7181, which was the same number used in the original divorce proceeding. On March 17, 1983, appellant and her husband filed a First Amended Petition for Termination and Adoption of Stepchild, seeking to terminate appellee's parental rights. This cause was docketed under trial court number 83–3–7574. On March 30, 1983, appellant filed a counteraction for contempt in cause number 7181, alleging that appellee had failed to make child support payments as ordered in the original divorce decree.

On the same day that appellant filed her counteraction, March 30, 1983, the trial court entered a Temporary Restraining Order and Order Setting Hearing for Tempo-

rary Orders in cause number 83–3–7574, which was the suit for termination and adoption. The trial court set a hearing date for April 19, 1983, and specifically stated that the reason for the hearing was to determine whether, during the pendency of the suit:

"1. The preceding temporary restraining order should be made a temporary injunction pending final hearing herein.

2. The Court should order a suitable person or agency to prepare a social study into the circumstances and condition of the child and of the home of the person seeking managing conservatorship or possession of the child.

3. The Court should appoint a guardian ad litem to represent the interest of the child.

4. The Court should make such other and further orders as may be deemed necessary for the safety and welfare of the child."

The trial court also set for the same date and time a hearing on appellant's counteraction for contempt, and specifically stated that the purpose of the hearing would be to determine whether appellee should be held in contempt for disobedience of the court's divorce decree.

On April 19, 1983, the trial court held a hearing and stated that the hearing was to consider the four items previously stated in the Order Setting Hearing in 83–3–7574, the termination suit.

The trial court, after the hearing, entered an order titled Order as per Contempt Hearing and which was numbered 83–3–7574. The Court, among other things, ordered the appellant to release the child, Joe Raymond Vasquez, Jr., to the parents of appellee for any period that the possessory conservator was to have possession of or access to the minor child. It is this provision which appellant complains of on appeal.

It is clear from the record that appellee did not file a motion to modify the divorce decree nor were there any pleadings in either the contempt action or the suit for termination which requested a change in the divorce decree as it pertained to conservatorship or access to the child. TEX. FAM.CODE ANN. § 14.08(a) provides:

"(a) A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, *or access to a child may be modified only by the filing of a motion in the court having jurisdiction* of the suit affecting the parent-child relationship. Any party affected by the order or the portion of the decree to be modified may file the motion." (Emphasis added.)

Thus, the Family Code provides the means by which a divorce decree is to be modified as it pertains to access to the child.

■ It has been stated that public policy demands a high degree of stability in child custody arrangements. *Watts v. Watts,* 573 S.W.2d 864 (Tex.Civ.App.—Fort Worth 1978, no writ). The Court, in *Watts,* held that the legislature has provided that a motion to modify under § 14.08 is the exclusive method for seeking change in conservators. We hold that the same reasoning applies when the terms and conditions of conservatorship as they relate to access to the child are modified. In both situations, a motion to modify is the exclusive method to obtain the relief sought.

■ That portion of the judgment of the trial court which states:

"IT IS SPECIFICALLY ORDERED by this Court, that as Managing Conservator, FLORA DUEHRING release the child to JOE RAYMOND VASQUEZ, SR., his parents, or to any other responsible adult acting as the agent for JOE RAYMOND VASQUEZ, SR., for any period that the Possessory Conservator is to have possession of or access to the minor child."

is void. Said portion of the judgment is reversed, and judgment is here rendered that the rights of the possessory conservator, as they pertain to access to the child,

are controlled by the original decree of divorce entered on March 9, 1981.

REVERSED AND RENDERED.