**M.C. WALKER, et ux., Appellants,**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.**

No. 14009.

Court of Appeals of Texas,
Austin.

March 14, 1984.

Dan R. Price, Lea & Price, Austin, for appellants.

Jim Mattox, Atty. Gen., Scott Lyford, Asst. Atty. Gen., for appellee.

Sylvia Goodrich, Orr & Davis, Austin, attorney ad litem.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

Appellants, M.C. and Catherine Walker, appeal from an adverse judgment of the 126th District Court of Travis County, denying their petition for adoption, and, upon a petition for intervention by the appellee, ordering the appointment of a new managing conservator for the child and the removal of the child from the home of appellants. We are told that the bench trial consumed several days in which there apparently was a great amount of testimony concerning the history of appellant, M.C. Walker. The finding of facts included episodes of violence, drug and alcohol abuse, arrests for sex-related offenses, and hospitalization for depression and impulse control which appellant did not disclose at the conservatorship proceeding in Fort Worth. However, no statement of facts was filed on this appeal.

Appellants argue nine points of error including, *inter alia*, that the trial court erred in considering the petition for intervention filed by the State, despite the fact that it was not supported by affidavit required by Tex.Fam.Code Ann. § 14.08 (Supp.1982) (hereinafter Code), and considering pleadings to remove appellants as managing conservators under § 14.02 of the Code.

Appellants do not argue that the trial court was wrong in denying the petition for adoption, but in removing them as managing conservators without any evidence of change in circumstances as required by § 14.02 of the Code. Appellants' position is that under § 16.10 of the Code in considering a petition for adoption the trial court cannot change managing conservatorship unless there is evidence of a material change in circumstances of the child since the prior termination decree.

The facts as set out in the transcript essentially are these. On July 28, 1982, a baby girl was born in Fort Worth, to a 27 year old single mother, who on that day executed an affidavit of relinquishment of her parental rights of the child to appellants. The following day, the 231st Judicial District Court, the late Honorable Joe H. Eidson, Jr., presiding, entered a decree in which, based on the best interest of the baby, the parent-child relationship with its mother be terminated and that the appellants be duly appointed managing conservators of the child. The hospital was then ordered to release and deliver the one-day old baby to appellants. The child continued to live with appellants and their ten-year old son when on September 11, 1982, appellants filed a petition in Tarrant County for adoption of this baby. The cause was then transferred to the 126th District Court of Travis County when the appellants moved to Austin. Thereafter, the Texas Department of Human Resources filed a petition in intervention, alleging, *inter alia*, that this adoption was not in the best interest of the child, requesting the trial court to deny the petition for adoption and enter orders in the child's best interest as provided by § 16.10 of the Code. Intervenor further asked to be appointed managing conservator "as provided by Sec. 14.02" of the Code but did not allege "that the circumstances of the child have materially and substantially changed." Further, appellee filed no motion under § 14.08 of the Code and no affidavit was made as required by this section that there was reason to believe that the child's present environment may endanger its physical health or significantly impair its emotional development. There was, as appellants argue, and appellees concede, no evidence that circumstances since the original decree by Judge Eidson have "materially and substantially changed."

Appellants argue that the decree of the court appointing them as managing conservators was a final order subject only to the continuing jurisdiction of the court. The Tarrant County District Court found that the appointment of appellants was in the best interests of the child. Appellants argue that such finding was res judicata subject only to the showing of material and substantial change of conditions. Since there was no evidence or finding of material or substantial change of conditions by the Travis County Court, appellants argue that such change of managing conservatorship was without lawful authority.

Appellees urge that § 16.10 which provides that "the court may order the removal of the child from the proposed adoptive home if removal is in the child's best interest, and may *enter any order* which is necessary for the welfare of the child" (emphasis added) is authority for the order of the Travis County District Court which removed the child from appellants' home and further ordered the appointment of a new managing conservator. Appellants, however, challenge the State's position, saying that

§ 14.02(c) provides:

> A person ... designated managing conservator of a child in an affidavit of relinquishment ... shall have the rights, privileges, duties, and powers ... until such time as these rights ... are modified or terminated by court order.

§ 14.08(a) provides:

> A court order or the portion of a decree that provides for ... the appointment of a conservator ... may be modified only by the filing of a motion [to modify].

§ 14.08(c) provides:

> After a hearing, the court may modify an order or portion of a decree that: (1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child.

It is appellants' position that modification of an order concerning managing conservatorship may be made only by following the above statutes and cannot be modified as the trial court did in this case under

§ 16.10 of the Code. Appellants cite *Watts v. Watts*, 573 S.W.2d 864 (Tex.Civ.App. 1978, no writ), a suit by a grandfather seeking to modify managing conservatorship of a child and his appointment as such, where the Forth Worth Court of Civil Appeals stated:

> It is equally clear in § 14.08(a) that an order of conservatorship can be modified "only by filing of a motion" in the court of continuing jurisdiction.... The legislature responded to this need by enacting § 14.08(c)(1) which specifically sets forth the legal standards which must be met by a party seeking to change custody. This policy is the reason a person seeking to modify a decree appointing a conservator cannot file a request for further action. Therefore, we hold that the legislature has provided that a motion to modify under § 14.08 is the exclusive method for seeking change in conservators.

*Id.* at 868.

As stated in *Watts*, public policy demands a high degree of stability in child custody arrangements. That court also held that a "reading of the relevant statutes show the legislature clearly intended to set motions to modify apart from requests for further action." *Id.*

Section 16.10, by its plain and explicit language, gives the trial court on the denial or withdrawal of a petition for adoption the authority to order removal of the child from the proposed adoptive home if removal is in the child's best interest, and "enter any order which is necessary for the welfare of the child."

 We therefore hold that the language in § 16.10 authorizes the trial court here to remove appellants as managing conservators despite the holding in *Watts*. We think that the present case can be distinguished. The issue in *Watts* was whether the grandfather would proceed under § 11.08 to modify conservatorship rather than § 14.08. The court noted that a motion was filed for the purpose of modifying conservatorship and that § 11.07(b) expressly excluded such motions.

In *Hopper v. Brittain*, 612 S.W.2d 636 (Tex.Civ.App.1981, no writ), the Houston Court of Civil Appeals held that § 14.08 does not apply to a modification order since that suit was for adoption and not for change in conservatorship. The paramount consideration in adoption proceedings are the rights and welfare of the children involved and these statutes are to be liberally construed in favor of the minor to effectuate their beneficial purpose. *Green v. Remling*, 608 S.W.2d 905 (Tex. 1980). In the case of *In the Interest of Shawn Jerome Herd*, 537 S.W.2d 950 (Tex. Civ.App.1976, writ ref'd n.r.e.), the court held that it was an abuse of discretion and a contradiction in law to allow the prospective parents to remain in possession of a child when the prospective parents could not meet the standards for adoption. We are without a statement of facts here, and in the absence of a statement of facts, this Court must assume that the evidence supports the judgment of the trial court. Findings of fact and conclusions of law were filed by the trial court. This Court has held that in the absence of a statement of facts, a presumption attaches that the findings of fact are supported by the evidence. *Gibbs v. Greenwood*, 651 S.W.2d 377 (Tex.App.1983, no writ).

We therefore affirm the judgment of the trial court.

POWERS, J., not participating.