Affirmed and Memorandum Opinion filed July 20, 2004









Affirmed and Memorandum Opinion
filed July 20, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00746-CV

_______________

 

 

IN THE INTEREST OF M.P.J., II, A MINOR CHILD

_________________________________________________________

 

On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 00-02291J

_________________________________________________________

 

M E M O R A N D U M   O
P I N I O N








Appellant appeals a decree denying his petition to adopt
M.P.J., II (AM.P.J.@) and granting appellees= petition to adopt M.P.J.[1]  In five issues, appellant contends the trial
court erred in (1) denying his motion for continuance, (2) admitting testimony
of a Texas Department of Protective and Regulatory Services (ATDPRS@) representative, (3) finding TDPRS
had good cause to refuse consent to adoption by appellant, (4) finding adoption
by appellees was in M.P.J.=s best interest, and (5) failing to file findings of fact and
conclusions of law.  We affirm.

I. 
Background

M.P.J. was born August 9, 1999.  His biological mother is R.D., and his
biological father is M.P.J., Sr. 
Appellant testified that he had a relationship with R.D. from May 1994 until
August 2000, and they lived together sporadically during this period.[2]  R.D. had a serious drug and alcohol
problem.  Her addiction caused her to
disappear periodically, and she had stints in various rehabilitation
centers.  During one such stay, she
became pregnant with M.P.J. by M.P.J., Sr., a counselor at the center.  After she was released, she lived with
appellant through most of her pregnancy. 
Although appellant was not M.P.J.=s biological father, he assisted R.D.
with prenatal care.  After the birth,
R.D. and M.P.J. lived with appellant continually for two months until R.D.
entered another rehabilitation program and took M.P.J. with her.  Over the next few months, R.D. and M.P.J.
occasionally returned to appellant=s home while moving from one
rehabilitation program to another. 
Appellant cared for M.P.J. when M.P.J. was in his home.  Appellant testified that he considered M.P.J.
his son.








On March 18, 2000, appellant called Children=s Protective Services (ACPS@) after R.D. left M.P.J. in his care
but did not return.  According to
appellant, CPS said there was nothing it could do.  However, a caseworker arrived at appellant=s home later that day and informed
him of a report that he had sexually abused R.D.=s daughter during one of her
visits.  The caseworker removed both
M.P.J. and B.Jr., appellant=s son, from the home. 
Appellant was subsequently indicted for aggravated sexual assault of a
child.  Nevertheless, B.Jr. was
eventually returned to him.  However, the
trial court appointed TDPRS as M.P.J.=s temporary managing conservator, and
TDPRS filed suit to terminate R.D.=s and M.P.J., Sr.=s parental rights to M.P.J.

Meanwhile, Mrs. Appellee had befriended R.D. in 1999 when
R.D. attended the appellees= church.  Mrs. Appellee
tried to help R.D. overcome her substance abuse.  When R.D. spent Thanksgiving 1999 with
appellees, she asked them to be M.P.J.=s Godparents, and they agreed.[3]  R.D. then disappeared until March 2000 when
she phoned appellees telling them the State planned to take M.P.J. from her and
asking if they would care for him while she attended a year-long rehabilitation
program.[4]  Appellees intervened in the termination
proceeding, and TDPRS placed M.P.J. with them.

Subsequently, the trial court terminated R.D.=s and M.P.J., Sr.=s parental rights to M.P.J.[5]  Then, appellant and appellees each filed a
petition for adoption.  After a joint
bench trial on both petitions,[6]
the trial court found that all prerequisites for adoption had been satisfied
and adoption by appellees was in M.P.J.=s best interest.  The trial court also found TDPRS did not
refuse consent to adoption by appellant without good cause.  The trial court signed a decree granting
adoption by appellees and denying adoption by appellant.

II.  Motion for Continuance 








In his
first issue, appellant contends the trial court erred by denying his motion for
continuance until the criminal charge against him was resolved.[7]  The decision to grant or deny a motion for
continuance is within the trial court=s sound discretion, and we will not
disturb its decision absent a clear abuse of discretion.  See State v. Wood Oil Distrib., Inc.,
751 S.W.2d 863, 865 (Tex. 1988); In re E.L.T., 93 S.W.3d 372, 374 (Tex.
App.CHouston [14th Dist.] 2002, no
pet.).  A trial court abuses its
discretion if its decision is arbitrary, unreasonable, and without reference to
any guiding rules and principles.  In
re E.L.T., 93 S.W.3d at 375 (citing Mercedes‑Benz Credit Corp. v.
Rhyne, 925 S.W.2d 664, 666 (Tex. 1996)). 


Appellant
contends the trial court abused its discretion because a continuance was
required by section 161.2011(a) of the Texas Family Code which provides as
follows:

A parent
whose rights are subject to termination in a suit affecting the parent‑child
relationship and against whom criminal charges are filed that directly relate
to the grounds for which termination is sought may file a motion requesting a
continuance of the final trial in the suit until the criminal charges are
resolved.  The court may grant the motion
only if the court finds that a continuance is in the best interest of the
child.

 

Tex.
Fam. Code Ann. ' 161.2011(a) (Vernon 2002).  However, section 161.2011(a) applies to a parent
whose rights are subject to termination. 
See id.  This is purely an
adoption proceedingC not a termination proceeding, and appellant does not fit the
statutory definition of Aparent.@  See Tex. Fam. Code Ann. ' 160.201(b) (Vernon 2002); Tex. Fam. Code Ann. ' 160.204 (Vernon Supp. 2004).  Therefore, a continuance was not required by
section 161.2011(a).[8]








Moreover,
other than section 161.2011(a), appellant has not cited, and we have not found,
any law requiring the trial court to continue the adoption proceeding until the
criminal charge against appellant was resolved. 
To the contrary, because M.P.J.=s adoption proceeding had been
pending for almost two years, it would not have been arbitrary or unreasonable
for the trial court to conclude that the proceeding had been delayed long
enough,[9]
and it was in M.P.J.=s best interest to go forward with the proceeding.  Accordingly, the trial court did not abuse
its discretion in denying appellant=s motion for continuance.  Appellant=s first issue is overruled.

III.  Testimony of TDPRS
Representative

In his
second issue, appellant contends the trial court erred in admitting the
testimony of Doris Samuel, a TDPRS representative.  The admission or exclusion of evidence rests
within the sound discretion of the trial court. 
Hunt v. Baldwin, 68 S.W.3d 117, 126 (Tex. App.CHouston [14th Dist.] 2001, no pet.)
(citing City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex.
1995)).  To obtain reversal of a judgment
based upon error in the admission or exclusion of evidence, the appellant must
show the trial court did in fact commit error, and the error was reasonably
calculated to cause and probably did cause rendition of an improper
judgment.  Id. (citing Tex. R. App. P. 44.1; Gee v. Liberty
Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1989)).

Appellant
argues Samuel=s testimony should have been
automatically excluded under Rule 193.6 of the Texas Rules of Civil Procedure
because TDPRS did not disclose her as a witness in response to appellant=s discovery requests.[10]  Rule 193.6 provides that








A party who
fails to make, amend, or supplement a discovery response in a timely manner may
not . . . offer the testimony of a witness (other than a named party)
who was not timely identified, unless the court finds . . . good cause for the
failure . . . or the failure . . . will not unfairly surprise or unfairly
prejudice the other parties.  

 

Tex.
R. Civ. P. 193.6
(emphasis added).  However, Rule 193.6
exempts a Anamed party@ from the mandatory exclusion.  See id.  TDPRS was a Anamed party,@ and Samuel was TDPRS=s representative at trial.  Samuel testified she was employed by TDPRS as
a Afoster adoption worker@ and was responsible for consummating
M.P.J.=s adoption.  Further, the trial court considered Samuel to
be TDPRS=s representative.  Before she testified, the trial court said, Awe do need some testimony on the
record from the Agency as to what their election is.@ 
Therefore, Rule 193.6 did not preclude Samuel=s testimony despite any failure by
TDPRS to disclose her.[11]

Appellant
also complains that Samuel=s testimony was unreliable. 
However, at trial, appellant objected to Samuel=s testimony only on the grounds she
was not disclosed as a witness and her testimony was hearsay.  Therefore, he has waived his complaint about
reliability.  See Tex. R. App. P. 33.1(a); Knoll v.
Neblett, 966 S.W.2d 622, 639 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied) (holding objections on appeal must conform to those made at trial or
they are waived).  Accordingly, the trial
court did not abuse its discretion in admitting Samuel=s testimony.  Appellant=s second issue is overruled.

IV.  Refusal Of Consent To
Adoption by Appellant

In his
third issue, appellant contends the trial court erred in finding TDPRS had good
cause to refuse consent to adoption by appellant.  Section 162.010(a) of the Family Code
provides the following:








Unless the
managing conservator is the petitioner, the written consent of a managing
conservator to the adoption must be filed. The court may waive the requirement
of consent by the managing conservator if the court finds that the consent is
being refused or has been revoked without good cause. A hearing on the issue of
consent shall be conducted by the court without a jury.

 

Tex.
Fam. Code Ann. ' 162.010(a) (Vernon 2002).  A managing conservator has good cause to
refuse consent when it has a good faith reason to believe the best interest of
the child requires that it withhold consent. 
See Chapman v. Home, 561 S.W.2d 265, 267 (Tex. Civ. App.CFort Worth 1978, no writ).  The party seeking waiver of the consent
requirement bears the burden to prove the managing conservator=s lack of good cause.  See id. 
We review the trial court=s finding on good cause for abuse of
discretion.  See In the Interest of
M.T., 21 S.W.3d 925, 930 (Tex. App.CBeaumont 2000, no pet.); Rodriguez
v. Miles, 655 S.W.2d 245, 249 (Tex. App.CCorpus Christi 1983, no writ).  A trial court does not abuse its discretion
if some evidence of a substantive and probative character supports the trial
court=s decision.  In re T.J.L., 97 S.W.3d 257, 266 (Tex.
App.CHouston [14th Dist.] 2002, no pet.); Holley
v. Holley, 864 S.W.2d 703, 706 (Tex. App.CHouston [1st Dist.] 1993, writ
denied).

Here,
there is evidence TDPRS had good faith reason to believe that refusing consent
to adoption by appellant was in M.P.J.=s best interest.  Samuel testified there were several reasons
TDPRS refused appellant=s request.  First,
appellant had a previous CPS history which was Avalidated with disposition of, reason
to believe.@ 
Specifically, CPS received a referral in August 1997 concerning physical
abuse of one-year-old B.Jr. during a physical altercation between appellant and
R.D.  In fact, appellant=s testimony confirmed that B.Jr. was
caught in the middle of this altercation. 
Appellant explained that R.D. came home after disappearing for several
days, and appellant told her she could not stay.  While R.D. was holding B.Jr., she and
appellant Aswung@ at each other.  After R.D. threatened to kill appellant, he
ran down the street carrying B.Jr. while R.D. pursued them with a knife.

 








The
evidence is somewhat unclear because appellant testified he Atossed@ B.Jr. on a workbench during the
chase, but he also testified he placed B.Jr. on the grass or curb area.  In any event, he placed B.Jr. down to get
away from R.D.  When the CPS caseworker
asked if appellant was concerned about placing B.Jr. near a road or intersection,
he replied that it was Aa matter of self preservation.@ 
B.Jr. sustained a contusion on his head as a result of this
incident.  According to the CPS file,
appellant reported he might have hit B.Jr. while trying to hit R.D.  B.Jr. was temporarily placed in a shelter
while appellant took parenting classes and was returned to appellant a few
weeks later.[12]

In
addition, Samuel testified TDPRS refused appellant=s request based on the aggravated
sexual assault of a child charge which was also validated with Adisposition of, reason to believe.@ 
Nevertheless, appellant argues TDPRS lacked good cause because it
refused to investigate the validity of the charge.[13]  However, Samuel testified TDPRS does not
investigate criminal charges.  Her
testimony suggested the charge alone was reason to refuse consent.  Further, TDPRS had previously informed
appellant it was against CPS=s policy to consider his request until the charge was
resolved.  Regardless, the incident regarding
B.Jr. supported the good cause finding irrespective of the pending criminal
charge.[14]








Finally,
Samuel testified TDPRS refused appellant=s request because it had determined
adoption by appellees was in M.P.J.=s best interest.  Nevertheless, appellant suggests TDPRS and
M.P.J.=s guardian ad litem wrongfully
refused to even consider his qualifications.[15]  However, according to Samuel, she had
explained to appellant that TDPRS had already selected a family and could not
work with him due to his history. 
Accordingly, the trial court did not abuse its discretion in finding
TDPRS had good cause to refuse to consent to adoption by appellant.  Appellant=s third issue is overruled.

V.  Adoption By Appellees

In his
fourth issue, appellant challenges the adoption by appellees.  Section 162.016(b) of the Family Code
provides, AIf the court finds that the
requirements for adoption have been met and the adoption is in the best
interest of the child, the court shall grant the adoption.@ 
Tex. Fam. Code Ann. ' 162.016(b) (Vernon 2002).  The decision to grant an adoption is within
the discretion of the trial court, and we may not set aside the decision except
for abuse of discretion.  See In the
Interest of W.E.R., 669 S.W.2d 716, 716 (Tex. 1984); In re D.R.L.M.,
84 S.W.3d 281, 305 (Tex. App.CFort Worth 2002, pet. denied); see also Hopper,
612 S.W.2d at 638 (recognizing trial court, in determining whether adoption is
in child=s best interest, has the opportunity
to observe appearance and demeanor of witnesses, evaluate personalities of
claimants, and assess needs of child). 
Appellant contends the trial court abused its discretion by concluding
adoption by appellees was in M.P.J.=s best interest.[16]  However, there is ample evidence supporting
the trial court=s decision.








At the
time of trial, appellees had been married twenty-two years and had three other
children.  Their home investigation
indicates the other children are mentally and physically healthy.  They are good students and enjoy good
interaction with their peers.  CPS has
never been called to appellees= home.  M.P.J. was
eight months old when he went to live with appellees and had lived with them
for almost three years at the time of trial. 
Appellees testified they love M.P.J and consider him their child.  M.P.J. calls them AMommy@ and ADaddy@ and loves them.  Their other children love M.P.J. and consider
him their Alittle brother,@ and M.P.J. loves them.  Mr. Appellee provides financially for his
family,[17]
and Mrs. Appellee is a housewife. 
Appellees believe they have given M.P.J. a stable home.  Based on his religious beliefs, Mr. Appellee
believes God gave them the opportunity and means to take care of M.P.J.  Mrs. Appellee testified M.P.J. is afraid of
being left home and hates when she leaves, but she reassures him she will
return.  Appellees believe M.P.J. would
be severely traumatized if he were Aripped away@ from them.  Further, appellees= home study was quite positive and
recommended they be approved to adopt M.P.J. 
Finally, Samuel testified TDPRS determined it was in M.P.J.=s best interest to be adopted by
appellees because he had been in their home for three years, appellees met his
needs, and it would be detrimental to remove him from their home.[18]








Appellant
does not challenge the evidence favorable to adoption by appellees.  Instead, he again complains that TDPRS and
M.P.J.=s guardian ad litem refused to
discuss the case with him or consider his qualifications to adopt M.P.J.  However, we reject these complaints by
concluding the trial court did not abuse its discretion in finding TDPRS had
good cause to refuse consent to adoption by appellant.[19]








Appellant
also contends it was in M.P.J.=s best interest to be placed in the same home as his
half-brother, B.Jr.  He cites section
162.302(e) of the Family Code which provides, AIt is the intent of the legislature
that [TDPRS] in providing adoption services, when it is in the children=s best interest, keep siblings
together and whenever possible place siblings in the same adoptive home.@ 
Tex. Fam. Code Ann. ' 162.302(e) (Vernon 2002).  However, section 162.302(e) is appropriately
applied when both siblings are being placed for adoption.  See id.; In re D.R.L.M., 84
S.W.3d at 304.  Regardless, the intent
that siblings be kept together does not override the best interest
requirement.  See Tex. Fam. Code Ann. ' 162.302(e); In re D.R.L.M.,
84 S.W.3d at 304B07 (holding trial court did not abuse its discretion in
finding placement of child in same adoptive home as half‑sister was not
in child=s best interest; experts testified
child was attached to her foster parents, and it could be very harmful to
change the primary caregiver of a child under the age of three).[20]  Because there is evidence that adoption by
appellees was in M.P.J.=s best interest, the trial court did not abuse its discretion
in granting their petition.  See Hopper,
612 S.W.2d at 638 (holding trial court did not abuse its discretion in granting
adoption because adoptive father lived with child for four years, supported
him, cared for him when he was sick, provided religious training, treated him as
his own, and child had loving relationship with baby born to child=s mother and adoptive father).  Appellant=s fourth issue is overruled.

VI.  Findings of Fact and
Conclusions of Law 

In his
fifth issue, appellant complains that the trial court failed to file findings
of fact and conclusions of law.  If
findings of fact and conclusions of law are properly requested, the trial court
must prepare them.  In re J.I.T.P.,
99 S.W.3d 841, 848 (Tex. App.CHouston [14th Dist.] 
2003, no pet.) (citing Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex.
1996)); see Tex. R. Civ. P. 296,
297.  The trial court=s failure to do so is presumed
harmful unless the record affirmatively shows no harm resulted to the
requesting party.  In re J.I.T.P.,
99 S.W.3d at 848 (citing Cherne Indus., Inc. v. Magallanes, 763 S.W.2d
768, 772 (Tex. 1989)).  The test for harm
is whether the circumstances of a case require an appellant to guess the reason
for the court=s ruling.  Goggins v. Leo, 849 S.W.2d 373, 379
(Tex. App.CHouston [14th Dist.] 1993, no writ); see
In re J.I.T.P., 99 S.W.3d at 848B49. 
In other words, the issue is whether the appellant was prevented from
properly presenting his case on appeal.  Goggins,
849 S.W.2d at 379; see In re J.I.T.P., 99 S.W.3d at 848 (citing Tenery,
932 S.W.2d at 30).

Appellant
was not required to guess the reasons for the court=s ruling on either adoption
petition.  The court had to deny
appellant=s petition unless it found TDPRS
refused consent without good cause.  See
Tex. Fam. Code Ann. ' 162.010(a).  The trial court had to grant appellees= petition if it found adoption by
appellees was in M.P.J.=s best interest.  See   Tex.
Fam. Code Ann. ' 162.016(b).  Further,
because there is a complete reporter=s record, appellant was able to fully
brief, and we were able to fully review, whether some evidence supported the
trial court=s rulings.  See In re J.I.T.P., 99 S.W.3d
at 849; see also In re T.J.L., 97 S.W.3d at 266.  Therefore, appellant has not been harmed by
the trial court=s failure to file findings of fact and conclusions of
law.  Appellant=s fifth issue is overruled.








The
trial court=s decree is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed July 20, 2004.

Panel consists of Justices Fowler,
Edelman and Seymore.

 











[1]  To protect
their privacy, we will refer to the parties as Aappellant@ and Aappellees@ or by
their initials.  See Tex. Fam. Code Ann. ' 109.002(d) (Vernon 2002).  Because appellees are a married couple, we
will refer to them as AMr. Appellee@ and AMrs. Appellee@ when
discussing them separately.





[2]  Together,
appellant and R.D. had a son, B.Jr., born in August 1996.  Appellant assumed primary responsibility for
B.Jr. and was eventually appointed his sole managing conservator.  Appellant also helped raise two of R.D.=s other children, a son and a daughter, whenever they
lived in his home.  In August 1997, these
children went to live permanently with their grandmother, but she allowed them
to visit appellant.





[3]  According to
Mr. Appellee, a Godparent is one who raises a child in the event of an
unforeseen circumstance.





[4]  The exact date
of this call is unclear, but apparently it coincided with TDPRS removing M.P.J.
from appellant=s home and filing the petition to terminate parental
rights. 





[5]  R.D. and
M.P.J., Sr. both filed affidavits voluntarily relinquishing their parental
rights.





[6]  The petitions
were originally assigned separate cause numbers.  On the day of trial, the trial court
consolidated the adoption petitions into the cause number for the termination
proceeding.





[7]  Appellant
filed the motion for continuance on the day of trial.  At that time, the criminal charge had not
been resolved.





[8]  Appellant
asserts section 161.2011(a) applied because he is an Aequitable parent@ whose
rights were effectively terminated when appellees adopted M.P.J.  However, he cites no Texas authority
entitling an Aequitable parent@ to be
considered a parent under the Family Code. 
Cf. Hopper v. Brittain, 612 S.W.2d 636, 639 (Tex. Civ. App.CHouston [14th Dist.] 1981, no writ) (holding no
authority supported finding parent‑child relationship based on love and
affection between petitioner, who was not a parent as defined by the Family
Code, and child who previously lived with him; thus, no termination required
before child could be adopted by someone else). 
Instead, appellant cites only authority from several other states
adopting the Aequitable parent@
doctrine.  See In re Nicholas H.,
46 P.3d 932 (Cal. 2002); Atkinson v. Atkinson, 408 N.W.2d 516 (Mich. Ct.
App. 1987); In re Paternity of D.L.H., 419 N.W.2d 283 (Wisc. Ct. App.
1987). 





[9]  The trial
court had granted a continuance at appellant=s
request on at least three previous occasions.





[10]  Appellees
argue that TDPRS correctly objected to answering appellant=s discovery requests because they bore only the cause
number for the termination proceeding which had concludedCnot the cause numbers for the adoption petitions.  However, we need not determine whether TDPRS
was required to respond to the discovery requests because even if it was, Rule
193.6 did not preclude Samuel=s testimony.





[11]  Appellant also
complains that appellees failed to disclose Samuel.  However, at trial, appellant complained only
of TDPRS=s failure to disclose her.  Therefore, he has waived any objection
concerning appellees= lack of disclosure. 
See Tex. R. App. P. 33.1(a).





[12]  Appellant
suggests TDPRS lacked good cause despite this incident because it returned
B.Jr. to him, yet relied on the incident to refuse his request to adopt
M.P.J.  However, B.Jr. is appellant=s biological son while M.P.J. is not.  Therefore, TDPRS=s decision to return B.Jr. presumably involved
different considerations than its decision on whether appellant should adopt
M.P.J.  See generally Holick v. Smith,
685 S.W.2d 18, 20 (Tex. 1985) (recognizing natural right that exists between
parent and child is one of constitutional dimensions); Wiley v. Spratlan,
543 S.W.2d 349, 352 (Tex. 1976) (recognizing strong presumption that child=s best interest is usually served by keeping custody
in the natural parents).





[13]  Appellant also
claims TDPRS maliciously instigated the criminal proceeding to influence the
adoption proceeding.  However, this claim
is not supported in the record.





[14]  Appellant
denies the criminal allegation and states there was no evidence presented at
the adoption trial to prove it.  However,
it was not the trial court=s role, nor is it ours, to determine the veracity of
the allegation.  Pursuant to section
162.010(a), the trial court had to determine only whether TDPRS had good cause
to refuse consent, and TDPRS proved the charge was one of several
reasons for refusing consent.





[15]  In particular,
appellant notes TDPRS did not review a social study performed on his home in
which the investigator stated it is difficult to see how appellant would be a
risk to M.P.J., his references indicate he is an exceptional parent to B.Jr.,
and all references are supportive of adoption. 
However, the social study was submitted a year after TDPRS refused
appellant=s request. 
Further, the investigator specifically made no recommendation on
appellant=s request to adopt M.P.J.





[16]  Appellant does
not contest that the requirements for adoption have been met. 





[17]  Appellees= home study shows that Mr. Appellee is college
educated, has a steady, professional job, and makes a suitable income to
provide for four children. 





[18]  The only
arguably negative evidence is that appellees spank their own children.  However, Mr. Appellee explained he spanks
them with his hand just to get their attention. 
Nevertheless, appellees agreed at TDPRS=s
request not to use this form of discipline with M.P.J.  At trial, appellant also stressed that
appellees had received marital counseling in the past.  However, Mr. Appellee explained they received
counseling because Mrs. Appellee received racially motivated, threatening phone
calls after Mr. Appellee was promoted to a supervisory position in his company,
and the calls caused her stress.





[19]  Further, these
complaints are not relevant to whether adoption by appellees was in M.P.J.=s best interest. 
Once the trial court found TDPRS had good cause to refuse appellant=s request, the trial court could not grant appellant=s petition.  See
Tex. Fam. Code Ann. ' 162.010(a) (requiring managing conservator=s consent unless refused without good cause).  Therefore, the only decision remaining was
whether adoption by appellees was in M.P.J.=s best
interest.





[20]  Appellant also
cites cases holding that siblings should not be separated absent clear and
compelling reasons; however, this standard has been applied when splitting
custody of children of the same marriage. 
See, e.g., O. v. P., 560 S.W.2d 122, 127 (Tex. Civ. App.CFort Worth 1977, no writ); but see MacDonald v.
MacDonald, 821 S.W.2d 458, 463 (Tex. App.CHouston
[14th Dist.] 1992, no writ) (stating Family Code does not require clear
and compelling reasons for splitting custody as best interest of the child is
paramount in determining conservatorship). 
This standard does not apply to an adoption case.  See In re D.R.L.M., 84 S.W.3d at 303B04 (refusing to impose heightened Aclear and compelling reasons@ burden applicable to custody proceedings to adoption
proceeding).